# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-__-_____-____-____

EDMUND MICHAEL OUELLETTE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

## COMPLAINT
_____

Plaintiff, for his complaint, states as follows:

### JURISDICTION

1.    This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C.§ 2671 et seq. This Court is vested with jurisdiction pursuant to 28 U.S.C.§ 1346(b).

2.    On or about September 13, 2006, Plaintiff timely submitted his claim dated August 30, 2006 to The United States of America, Department of Veterans Affairs, Regional Office, 44 Union Boulevard, P.O. Box 2516, Denver, Colorado 80225.

3.    In or about December, 2006, Plaintiff submitted a supplement to his claim to The United States of America, Department of Veterans Affairs, Regional Office, 44 Union Boulevard, P.O. Box 2516, Denver, Colorado 80225. By letter dated June 28, 2007, the Defendant denied

Plaintiff's Administrative Tort Claim.

4.     Plaintiff was a citizen and resident of the state of Colorado at all times relevant, and the negligent medical treatment as alleged herein was provided with the state of Colorado.

5.     The Defendant, The United States of America, operates a health care facility known as The Grand Junction VA Medical Center, located in Grand Junction, Colorado (hereinafter referred to as Defendant, and is sometimes intended to include Defendant's employees, agents and representatives, including it's healthcare providers) , and in operating said health care facility, holds itself out to military veterans, such as Plaintiff, that the Defendant will use that degree of care, skill, diligence and attention used by health care facilities generally in rendering care and treatment to patients.

6.     Upon information and belief, the health care facility operated by Defendant has in its employ, among others, doctors, nurses, and other hospital personnel over which the Defendant exercises exclusive control and supervision, with a right to employ and discharge such employees and other representatives, and for whose actionable acts and conduct, including negligent medical care and treatment, the Defendant is liable.

7.     At all times relevant hereto, the health care providers who provided medical services to Plaintiff were acting as employees, servants, or representatives of the Defendant, acting within the scope of their professional capacities as agents, servants or representatives of the Defendant.

8.     On April 9, 2004 Mr. Ouellette was evaluated for rectal bleeding by Dr. Susan Feller in the Grand Junction Veteran's Administration Hospital Medicine Clinic.  Based upon her evaluation, Dr. Feller erroneously concluded that Mr. Ouellette suffered from cancer of the colon and was terminally ill, and so informed Mr. Ouellette.  In reliance upon the opinion of Dr. Feller, and the diagnosis that he was terminally ill, Mr. Ouellette decided that he would not undergo further

evaluation or treatment, as he was unequivocally informed by Dr. Feller that he only had in the range of a few months to live. Dr. Feller did not encourage further evaluation, nor did she suggest that there could be a non-lethal explanation for the findings that she had made.

9. Thereafter Mr. Ouellette was medically treated as being a terminally ill cancer patient with end stage disease. Mr. Ouellette's complaints of pain were presumed caused by the cancer, no evaluations were carried out to determine the specific mechanisms of the various pain complaints, and he was treated with increasing doses of opiates. Eventually the doses of opiates exceeded 1000mg per day.

10. Mr. Ouellette was admitted to the TCU for terminal care and remained there for approximately five months.

11. Chart notes by Dr. Feller in December 2004 and January 2005 manifest her apparent impression that it was likely that the diagnosis of cancer was incorrect. These matters were not discussed with Mr. Ouellette during that time period; rather he was allowed to continue believing for another 6 -7 months that he was a terminal cancer patient. Mr. Ouellette proceeded to contact an undertaker, make arrangements for a burial plot and make things right with his maker. Mr. Ouellette's weight fell from 155 to 122 lbs. Dr. Feller continued to prescribe increasing doses of opiates for Mr. Ouellette.

12. In July, 2005, increasing problems arose associated with controlling Mr. Ouellette's opiate dosage, which exceeded 1000mg per day. It was not until in or about July, 2005, that Mr. Ouellette first was informed by Dr. Feller that he did not have cancer. In July, 2005 Dr. Feller discussed with Mr. Ouellette the implications of the absence of evidence for a progressive malignancy and the observed shrinking of the liver lesion, and only then did Dr. Feller indicate to Mr. Ouelette that the lesion was benign and that there was no evidence of cancer, contrary to what

Mr. Ouellette had erroneously been led to believe. It was not until July, 2006 that Mr. Ouellette became aware of the negligence of the Defendant.

13. Subsequently, Mr. Ouellette has suffered through prolonged attempts and efforts at withdrawal from opiates, and has suffered numerous adverse physical and mental health consequences as a result of the Defendant's negligence.

## FIRST CLAIM FOR RELIEF

### (Negligence)

14. Plaintiff incorporates, herein by this reference, all other paragraphs contained in this Complaint.

15. The Defendant was negligent in the care and/or treatment rendered to Plaintiff in that Defendant acted in a manner in which reasonably careful physicians undertaking the care and/or treatment of Plaintiff would not do or failed to act in a manner in which reasonably careful physician undertaking the care and/or treatment of Plaintiff would have at the same time, under the same or similar circumstances. The negligence attributable to the Defendant includes failing to correctly diagnose, properly assess, monitor, treat and care for, or refer Plaintiff.

16. The Defendant, acting by and through Dr. Feller, was negligent in failing to appropriately evaluate and work-up Mr. Ouellette's medical condition during diverse times, beginning on or about April 9, 2004. There was a failure to appropriately define and evaluate the mechanism of his various pain complaints by obtaining and documenting an adequate history, performing and documenting an appropriate physical examination, or obtaining objective studies.

17. The Defendant, acting by and through Dr. Feller, was negligent in diagnosing terminal cancer in April, 2004 on the basis of an inadequate evaluation and in encouraging Mr. Ouellette to forego further work-up or evaluation.

18.     The Defendant, acting by and through Dr. Feller, was negligent in accepting that Mr. Ouellette's subsequent pain syndromes were caused by the presumed malignancy, and in failing to attempt to evaluate the mechanisms causing the pain symptoms, and in failing to earlier discover and communicate to Mr. Ouellette that Dr. Feller had erroneously and negligently concluded that he was a terminal cancer patient in the first instance.

19.     As a proximate result of the negligent acts set forth hereinabove, Plaintiff has suffered, upon information and belief, permanent and/or irreversible injury, and will continue to suffer substantial harm and damage, including as set forth in this Complaint.

   WHEREFORE, Plaintiff prays that this Court enter judgment in his favor against the named Defendant, for general, special, and consequential economic and non-economic damages in conformance to proof at trial, including but not limited to past, present, and future, mental, physical and emotional harm and/or damage, and/or pain, physical injuries, anguish, suffering, loss of enjoyment of life, medical, therapeutic and related health care expenditures from the providers of Plaintiff's choice, future care needs, diminished earning capacity, and other injuries, including permanent injuries suffered, in the greatest amount awardable, in conformance to proof at trial, together with interest in the highest lawful amount, costs, attorneys' fees to the extent awardable, expert witness fees, and such other and further relief as this Court deems just and proper.

   DATED this 10th day of July, 2007.

                                        Respectfully Submitted,

                                        **ANDREW T. BRAKE, P.C.**


                                        By: s/ Andrew T. Brake
                                            Andrew T. Brake, Reg. No. 12021
                                            ANDREW T. BRAKE, P.C.
                                            Attorneys for Plaintiff

- 6 -

                              777 East Girard Avenue, Suite 200
                              Englewood, Colorado 80113-2767
                              Telephone: (303)806-9000

**PLAINTIFF'S NAME AND ADDRESS:**

Edmund Michael Ouellette
224 North Park Avenue, Apt 1
Montrose, Colorado 81401

## CERTIFICATE OF SERVICE

     I hereby certify that on this 10th day of July, 2007, a true and correct copy of the above and foregoing **COMPLAINT**, was placed in the mail, postage prepaid, addressed to the following:

Mr. Ouellette
224 North Park Avenue, Apt 1
Montrose, Colorado 81401

                              By: s/ Kari M. Hoffman
                                  Kari M. Hoffman, Legal Assistant
                                  ANDREW T. BRAKE, PC