# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01448-MSK-MJW

EDMUND MICHAEL OUELLETTE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

## PROTECTIVE ORDER

---

The parties in the above-captioned matter, and their respective counsel and Authorized Persons, shall be bound by this Protective Order with respect to medical, psychological, and disability, and financial records and information, relating to Mr Ouellete, including but not limited to all records and information obtained by way of authorizations provided by a party, (known collectively as "Confidential Information"), and shall be treated as follows:

1.    "Confidential Information" produced by the parties or their agents and representatives in discovery shall be marked by that party as Confidential prior to production or utilization and designated as confidential and subject to this Protective order.

2.    "Confidential Information" shall include all information which the Defendant may obtain as a result of medical or financial authorizations provided by Plaintiff, including but not limited to medical, psychological, disability, and tax records. Mr. Ouellette's medical records produced by Defendant to Plaintiff prior to the entry of this order shall be considered confidential under this order.

3. A party may object to the designation or nondesignation as "Confidential Information" of particular document or records by giving written notice to the party designating or utilizing the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

4. "Confidential Information" shall be used for the sole, strict and limited purpose of the preparation and trial of this action, or appeal therefrom (Except that the records of the Defendant relating to Plaintiff shall remain subject to utilization for all purposes for which the Defendant is currently entitled to the utilization thereof as a health care provider and facility). "Confidential Information" may be filed with the Court and utilized as exhibits. "Confidential Information" shall not be disclosed, shown, or read to any person except as provided herein. "Confidential Information" may be disclosed only to the following persons ("Authorized Persons"):

a. Parties, except to the extent that a treating physician deems that such information would be detrimental to the health or mental health of a party; If the plaintiff is adamant that he wishes to view such information over the objection of his treating physician or health care provider he may seek an order from the Court allowing him access to this information and upon order of the Court it may be released.

b. Counsel for Parties and the members, associates, and employees of that counsel's law firm;

c. Independent experts retained by counsel for the parties who assist in this litigation or former and current treating physicians; and

d. Potential witnesses and deponents and attendees of depositions

e. Court Personnel including but not limited to court staff, law clerks, and judicial officers;

f. Stenographic or videographic operators retained by the parties for the purpose of depositions;

g. Counsel providing Authorized Persons with documents or information to review shall inform each Authorized Person of the existence and terms of this Protective Order.

5. Upon final termination of this action, whether by judgment, settlement, or otherwise, the terms of this Protective Order shall continue in full force and effect in regard to Confidential Information. The Parties will give notice to each other regarding the ability to retrieve Confidential Information and will provide that information to each

other upon request. Otherwise, documents marked confidential may be destroyed by the retaining party within 90 days of the conclusion of the case.

6. If testimony concerning "Confidential Information" is elicited at a deposition, upon request by a party, the related portions of such deposition transcripts will be treated as "Confidential Information" in accordance with this Protective Order.

7. At the conclusion of the case, Counsel for the parties shall retrieve all copies of "Confidential Information" from any person to whom the information has been given at the conclusion of the case and the information shall be treated as specified in paragraph 5.

8. For purposes of any hearing or trial, the parties shall work together to collectively seek leave of the Court for purposes of effectuating a method acceptable to the Court for the utilization of any and all materials to which this Protective Order pertains at such trial or hearing; or any party hereto may petition the Court for such purposes unilaterally, in the event the parties are unable to mutually agree. However, the parties understand and agree that this Protective Order is not intended to, and shall not be used to deprive any party hereto from the use of any and all confidential information at any proceedings which may occur in this case, including hearings and trial(s) and the parties specifically acknowledge that documents marked as Confidential may be used at trial as Exhibits both at trial and as attachments to Briefs and Pleadings.

IT IS SO ORDERED this 17th day of December, 2007.

_____
United States Magistrate Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

4